# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MACREGEN, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| W. NEAL BURNETTE III, | ) ) | 1:19CV591 |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff MacRegen, Inc. ("MacRegen") filed this action against W. Neal Burnette III, seeking a judgment declaring that it "has satisfied all of its contractual obligations to Burnette and owes no further duties to [him] under the Consulting Agreement." (Compl. at 3 [Doc. #1].) After Burnette failed to respond, MacRegen sought an entry of default on July 10, 2019, (see Mot. for Entry of Default [Doc. #6]), which the Clerk entered on July 11, 2019, (see Clerk's Entry of Default [Doc. #8]). On October 3, 2019, MacRegen filed a Motion for Default Judgment, (see Mot. for Default J. [Doc. #10]), and on October 9, 2019, Burnette filed a Motion to Set Aside Default pursuant to Federal Rule of Civil Procedure 55(c), (see Mot. to Set Aside Default [Doc. #14]), both of which are now before the Court. For the reasons explained below, Burnette's Motion to Set Aside Default is GRANTED, and MacRegen's Motion for Default Judgment is DENIED as moot.

I.

On July 10, 2015, MacRegen, a biopharmaceutical company, entered into a Consulting Agreement with Burnette, (Compl. ¶¶ 1-2; Ex. A ("Consulting Agreement") to Compl.), under which Burnette was to advise MacRegen on matters "impacting all aspects of the business to ensure the company would leverage its opportunities through the development of strategic commercial analysis and plans", (id. ¶ 3). "In consideration of the consulting services, Burnette would receive 150,000 shares of MacRegen common stock, vesting over the first 48 months of the Consulting Agreement (retroactive to, and beginning in May 2014)." (Id. ¶ 4; Ex. A. to Compl.) In December 2018, MacRegen terminated the Consulting Agreement and, in response, Burnette sought $400,000 in quantum meruit for his services rendered. (Id. ¶ 5.) On April 2019, MacRegen sent Burnette a stock certificate "confirming MacRegen's satisfaction of its Consulting Agreement obligations through the previous and automatic . . . vesting of the 150,000 shares in Burnette's name by May 2018." (Id. ¶ 6.) "Burnette returned the stock certificate" to MacRegen, and "demanded $550,000 cash payment." (Id. ¶ 7.)

On June 13, 2019, MacRegen filed the instant action, seeking a judgment declaring that it had fulfilled its contractual obligations under the Consulting Agreement, (see generally Compl.), and on June 17, 2019, Burnette was served

with the summons and complaint, (see Aff. of Service [Doc. #5]).[1] On July 8, 2019, Burnette's responsive pleading was due, (see Summons at 1 [Doc. #3]), but he failed to respond, (see generally Docket). Burnette had attempted to obtain counsel, but on the day his responsive pleading was due, he learned that "counsel was unable to represent him." (Def.'s Mem. at 7.) On July 10, 2019, MacRegen filed a Motion for Entry of Default, (see Mot. for Entry of Default), which was granted and entered on July 11, 2019, (see Clerk's Entry of Default). At some time not specified, Burnette sought an extension to file a responsive pleading, which he avers was denied, (Burnette Decl. ¶ 7), although there is no record of such request or denial, (see generally Docket). Burnette again attempted to obtain counsel "less than two weeks after entry of default." (Def.'s Mem. at 7.) On or about July 22, 2019, he successfully retained counsel, who subsequently contacted MacRegen's counsel. (Id.; Burnette Decl. ¶ 8.) Since contacting opposing counsel, settlement discussions were ongoing. (Id.) Nevertheless, on August 27, 2019 Burnette learned that MacRegen would not consent to setting aside the entry of default, (id.), and MacRegen informed Burnette on September 22, 2019 that it was surprised he had yet moved to set aside the default, (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Set Aside Entry of Default at 13-14 ("Pl.'s Resp.") [Doc. #16]). Yet, only after MacRegen moved for default judgment on

---

[1] Burnette declares that his wife accepted delivery of the Complaint and failed to inform him of the delivery "more than a week thereafter." (Decl. of W. Neal Burnette, III. ¶¶ 3-4 (Oct. 6, 2019) Ex. 1 to Def.'s Mem. of Law in Supp. of Def.'s Mot. to Set Aside Entry of Default Pursuant to Rule 55(c) ("Def.'s Mem.").)

3

October 3, 2019 did Burnette move to set aside the entry of default on October 9, 2019.

## II.

A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [non-moving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citing Payne ex. Rel. Estate of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006)); see also United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("Relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense.") Although a court has discretion on whether to set aside an entry of default, there is a "strong preference that . . . defaults be avoided and that claims and defenses be disposed of on their merits." Reynolds Innovations, Inc. v. E-Cigarette Direct, LLC, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012) (citing Colleton Preparatory Acad., Inc., 616 F.3d at 417). "'Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so the case may be heard on the merits.'" USF Ins. Co. v. Bullins Painting, Inc., No.

4

1:11CV410, 2012 WL 4462004, at *1 (M.D.N.C. Sept. 25, 2012) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)).

To establish a meritorious defense, Burnette must provide "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for [him]." Moradi, 673 F.2d at 727; see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) ("A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . ."). However, "[t]he defaulting party 'is not required to establish a meritorious defense by a preponderance of the evidence[;] . . . the mere assertion of facts constituting a meritorious defense' may suffice." Terry v. Swift Trans., No. 1:16CV256, 2017 WL 4236923, at *3 (M.D.N.C. Sept. 22, 2017) (citing Cent. Operating Co. v. Util. Workers of Am., AFL-CIO, 491 F.2d 245, 252 n.8 (4th Cir. 1974) (citation omitted)). Here, Burnette has sufficiently alleged facts that could constitute a meritorious defense.

He first argues that "[i]t is unequivocal from the proffer of evidence by Defendant that services were performed well in excess of those originally anticipated by the Consulting Agreement." (Def.'s Mem. at 5.) In support of his argument, Burnette attached declarations, which describe services he performed that were not allegedly contemplated at the time of contracting. (Id.; Burnette Decl. ¶¶ 14-15; Decl. of Keith Roizman ¶ 7 (Oct. 6, 2019) Ex. 2 to Def.'s Mem.) Burnette further argues that because the contract contains ambiguous language, an issue of contract interpretation exists. (Def.'s Reply at 2-4.) Burnette alternatively

5

asserts a quantum meruit claim, arguing that after the parties performed their contractual obligations, he performed additional services for which he expected additional compensation. (Def.'s Mem. at 5-6.)  Although Burnette failed to file a responsive pleading or proffer evidence outside of the contract to support his defenses, he asserts facts, including those in his declarations, that could constitute a meritorious defense.  Because at this early stage of the proceeding, Burnette has sufficiently alleged facts that could constitute a meritorious defense and there is a strong preference to dispose of cases on the merits, this factor weighs in favor of setting aside the entry of default.

Next, "[w]hether a party has taken 'reasonably prompt' action . . . must be gauged in light of the facts and circumstances of each occasion". Moradi, 673 F.2d at 727.  Burnette's counsel argues that his actions were reasonably prompt, because excluding the parties' discussions about a consent motion to set aside default and settlement, thirty days lapsed between the entry of default and the filing of this Motion, and that until September 22, 2019, "there remained reason to believe that moving to set aside entry of default was unnecessary." (Def.'s Reply at 7.)  On the other hand, MacRegen argues that Burnette's counsel did not act with reasonable promptness when filing his Motion, (Pl.'s Resp. at 13-14.), and the Court agrees.

Burnette's argument — that because settlement discussions were ongoing, his counsel believed it unnecessary to move to set aside the entry of default — is unpersuasive.  Burnette's counsel was retained in July 2019 at which time he

6

contacted opposing counsel. However, he failed to enter an appearance on behalf of Burnette until October 9, 2019. (See Notice of Appearance [Doc. #13].) Cf. Solis, 2012 WL 263461, at *2 (determining that defendant took reasonably prompt action when he filed a "belated Answer to the Complaint a mere 7 days after the entry of default", indicating his participation in the matter, even though he filed his motion to set aside "seven months after the filing of the Complaint and roughly two months after the Clerk entered the default"). Even after MacRegen informed Burnette on August 27, 2019 that a consent motion would not be forthcoming, Burnette's counsel still did not believe that filing a motion was necessary, because settlement discussions were ongoing. And he still failed to act when MacRegen informed him on September 22, 2019 that filing a motion to set aside remained necessary. Nearly four months after the filing of the Complaint, approximately three months after the entry of default, and six days after MacRegen's moved for a default judgment, Burnette filed his Motion on October 9, 2019. In light of all these facts and circumstances, Burnette's counsel failed to act with reasonable promptness in attempting to set aside the entry of default. Cf. Augusta Fiberglass Coatings, Inc., 843 F.2d at 812 (finding that the defendant acted reasonably prompt when it moved within two weeks of the entry of default); Colleton Preparatory Acad., Inc., 616 F.3d at 418 (finding that the defendant's moving within nine days of its attorney becoming aware of the proceeding weighed in favor of setting aside the entry of default); Prescott v. MorGreen Solar Sols., LLC, 352 F. Supp. 3d 529, 537 (E.D.N.C. 2018) (finding that the defendants'

7

delay in moving "roughly one month" after the entry of default "was of minor consequence"); Terry, 2017 WL 4236923, at *4 (finding that the defendant acted reasonably prompt when it moved to file an answer seven days before the entry of default); J & J Sports Prods., Inc. v. Casillas, No. 1:12CV5, 2013 WL 784544, at *3 (M.D.N.C. Mar. 1, 2013) (finding that the defendant's moving thirty eight days after the entry of default weighed in favor of setting aside the entry of default); Reeves v. Ransom, No. 1:10CV56, 2011 WL 4549144, at *5 (M.D.N.C. Sept. 29, 2011) (finding that the defendants' moving twenty days after the entry of default supported setting aside the entry of default). But see Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 n.1 (4th Cir. 1987) (determining that despite a ten-month delay in moving to set aside an entry of default during the pendency of discovery, the case proceeded to the merits because all factors weighed in favor of setting aside the entry of default and the final step was to set a trial date). Thus, the second factor weighs against setting aside the entry of default.

Despite the delay of Burnette's counsel, Burnette remains mostly blameless for the entry of default. "This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate." Augusta Fiberglass Coatings, Inc., 843 F.2d at 811.

8

Although Burnette's counsel did not act with reasonable promptness when he moved to set aside entry of default, these actions cannot be attributed to Burnette. Moradi, 672 F.2d at 728 (explaining that "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings"). Despite diligent efforts, Burnette was unable to obtain counsel or an extension before the responsive deadline, but successfully retained counsel soon thereafter. This Court has found a delay longer than Burnette's still weighed in favor of setting aside an entry of default. See USF Ins. Co., 2012 WL 4462004, at *2 (determining that the factor weighed in favor of setting aside the entry of default after defendant "first consulted an attorney two months after default was entered and three and a half months after he was notified that [plaintiff] was seeking default judgment"). For these reasons, this factor weighs in favor of setting aside the entry of default.

The fourth factor examines whether granting a motion to set aside default would prejudice MacRegen. Burnette argues that because MacRegen is seeking preemptive action through its declaratory judgment, it would not be prejudiced by litigating the merits of this case. (Def.'s Mem. at 8.) Burnette further argues that the delay in seeking to set aside the entry of default does not prejudice MacRegen, (id. at 8-9), which MacRegen concedes, (Pl.'s Resp. at 15). See USF Ins. Co., 2012 WL 4462004, at *3 (explaining that "[a]s to the fourth factor, in determining whether a plaintiff would be prejudiced if the entry of default were set aside, 'delay in and of itself does not constitute prejudice to the opposing party'") (citing

9

Colleton Preparatory Acad., 616 F.3d at 418). However, MacRegen argues that the circumstances do not warrant "favorable equitable consideration", relying on the first three factors. (Pl.'s Resp. at 6.) Based upon the record, there is no apparent prejudice to MacRegen if it had to litigate the case. See Lolatchy, 816 F.2d at 952 (finding that the plaintiff "suffered no prejudice on account of the delay" after determining that "[t]here was no missing witness in the case whose testimony was made unavailable by the delay; there was similarly no dead witness; neither were there any records made unavailable by the delay, nor was there any evidence for the plaintiff which could have been presented earlier, the presentation of which was prevented by the delay"). Therefore, this factor weighs in favor of setting aside the entry of default judgment.

The fifth factor examines whether there is an existing history of dilatory action, and here, the parties agree that no such history exists. (Def.'s Mem. at 9; Pl.'s Resp. at 16.)[2] Even though Burnette contends that his Motion is intended to resolve the "delay in responding to the Complaint", (Def.'s Mem. at 9), this factor "generally examines a party's 'history of dilatory action' by referencing any such history aside from the delay causing the default itself." USF Ins. Co., 2012 WL

---

[2] MacRegen nevertheless suggests that Burnette's failure to respond to its Motion for Default for Judgment constitutes dilatory action. (Pl.'s Resp. at 16.) In response, Burnette contends that MacRegen's Motion for Default Judgment "was removed from consideration by the Court", that the Court should resolve his Motion first, and that he reserves the right to respond to MacRegen's Motion if necessary. (Def.'s Reply at 8-9.) Burnette's failure to respond to MacRegen's Motion is not considered dilatory, because he has moved to set aside the entry of default.

10

4462004, at *3 (citing Colleton Preparatory Acad., 616 F.3d at 418). Here, Burnette's counsel finally moved to set aside entry of default, yet still failed to file a responsive pleading and failed to enter an appearance until approximately three months after being retained and default being entered. See Prescott, 352 F. Supp. 3d at 540 (finding a "significant history of dilatory action" as defendants took approximately six months to contact opposing counsel and defendants' counsel failed to make an appearance for approximately another month and waited an additional month to file an answer). However, since being retained on or about July 22, 2019, his counsel has been in active settlement discussions on behalf of his client with MacRegen. Further, the parties' have a short history with the court, and during that time, Burnette has not missed any other court-imposed deadlines. See J & J Sports Prods., Inc., 2013 WL 784544, at *5 (finding that the factor weighed in favor of setting aside the entry of default because the "case [was] in an early stage of litigation and [sic] separate from the delayed response to the Complaint the record does not reflect evidence of dilatory conduct by [Defendant]") & Terry, 2017 WL 4236923, at *4 (finding that the factor weighed in favor of setting aside the entry of default "given that Defendant ha[d] complied with all other Court-imposed deadlines thus far"). But see Carbon Fuel Co. v. USX Corp., No. 97-1995, 1998 WL 480809, *4 n.3 (M.D.N.C. Aug. 6, 1998) (finding a history of dilatory action because even though the defendants obtained multiple extensions to file an answer and respond to discovery requests, they still missed the extended deadlines). Therefore, at this stage of the proceeding, because after

11

being retained, Burnette's counsel has actively engaged in settlement discussions with MacRegen on behalf of his client, no other court-imposed deadlines have been missed, and the parties agree that no dilatory history exists, this factor weighs in favor of setting aside the entry of default.

The final factor examines whether any sanctions less drastic than entry a default are available. See S.C. Nat'l Bank v. Baker, No. 90-1156, 1991 WL 157277, at *2 (4th Cir. Aug. 19, 1991) (explaining that district courts have discretion when weighing the factors even when there is "the possible availability of less drastic sanctions"). Burnette argues that less drastic sanctions such as "motion for costs associated with obtaining the entry of default" exist in lieu of entering default, (Def.'s Mem. at 9-10), which MacRegen contests, arguing that less drastic sanctions are unavailable in light of a "patently futile defense", (Pl.'s Resp. at 16). Less drastic sanctions are available such as attorney fees or costs associated with filing MacRegen's Motion for Entry of Default and Motion for Default Judgment and having to respond to Burnette's Motion. See Lolatchy, 816 F.2d at 953-54 (finding that the district court should have analyzed sanctions such as charging the attorney "with all costs and expenses attendant to the delay, including attorneys' fees" to "cure[] his failure to respond"); see also Colleton Preparatory Acad., 616 F.3d at 418-20 (determining that even though the district court acknowledged awareness of a less drastic sanction, it failed to explain why a less drastic sanction was not appropriate).

12

In sum, Burnette's lack of personal responsibility for the delay, prejudice, dilatory action, and the availability of less drastic sanctions outweigh the fact that Burnette's counsel failed to act with reasonable promptness to set aside the entry of default and any doubt regarding the meritorious defense. Thus, good cause exists to set aside the entry of default. Accordingly, MacRegen's Motion for Default Judgment is denied as moot.

Should MacRegen wish to pursue possible sanctions such as attorney fees or costs associated with filing its Motion for Entry of Default and Motion for Default Judgment and having to respond to Burnette's Motion, it must file a motion with supporting documenation. See L.R. Civ. P. 7.3(a)-(e). The timing for Burnette's response and MacRegen's reply are dictated by Local Rule of Civil Procedure 7.3. See L.R. Civ. P. 7.3(f)-(h).

Because the entry of default is being set aside, Burnette must answer the Complaint or otherwise respond within fourteen days of the filing of this Memorandum Opinion and Order. See Augusta Fiberglass Coatings, Inc., 843 F.2d at 812 (deciding that "[u]pon remand, the district court should allow [Defendant] to file its answer promptly").

III.

For the reasons explained in this Memorandum Opinion, IT IS HEREBY ORDERED that Defendant W. Neal Burnette III's Motion to Set Aside Entry of Default [Doc. #14] is GRANTED, and the Entry of Default previously entered against him by the Clerk of Court [Doc. #8] shall be set aside. IT IS FURTHER

13

ORDERED that Plaintiff MacRegen, Inc.'s Motion for Default Judgment [Doc. #10] is DENIED as moot. IT IS FURTHER ORDERED that Defendant W. Neal Burnette III file a responsive pleading within fourteen days of the filing of this Memorandum Opinion and Order.

This the 1st day of May, 2020.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge